12-CV-6927 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAEGEN HENRIQUEZ-FORD,

          Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

          Defendant.

## NEW YORK CITY DEPARTMENT OF EDUCATION'S MEMORANDUM OF LAW IN OPPOSITION TO MAEGEN HENRIQUEZ-FORD'S MOTION PURSUANT TO RULE 41 OF THE FEDERAL RULES OF CIVIL PROCEDURE

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-122
New York, N.Y.  10007-2601

Of Counsel:   Benjamin Welikson
bwelikson@law.nyc.gov
Tel:    (212) 788-0924

Matter No.: 2012-039539

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

FACTUAL BACKGROUND ........................................................................................ 2

ARGUMENT

       POINT I

             THE DOE HAS EFFECTED ITS ABSOLUTE AND UNQUALIFIED RIGHT TO VOLUNTARILY DISMISS ITS COUNTERLCIAMS AGAINST PLAINTIFF. .......................................... 5

       POINT II

             ASSUMING *ARGUENDO* THAT THE DOE'S RIGHT TO DISMISS ITS COUNTERCLAIMS IS NOT ABSOLUTE, THE DOE'S COUNTERCLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE AND PLAINTIFF'S FEES APPLICATION SHOULD BE DENIED..................................... 10

             A. The DOE's Application to Dismiss Its Counterclaims Without Prejudice Should Be Granted ........................................................................... 10

             B. Plaintiff's Application for Attorney's Fees Should Be Denied ............................................. 12

       POINT III

             IF THE COURT CONDITIONS THE DOE'S RIGHT TO VOLUNTARILY DISMISS ITS COUNTERCLAIMS ON PAYMENT OF ATTORNEY'S FEES, THE DOE RESERVES ITS RIGHT TO ACCEPT OR REJECT TO CONDITION. ......................................................................... 15

CONCLUSION...................................................................................................... 15

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                                  <u>**Pages**</u>

*AET Rail Group, LLC v. Siemens Transp. Sys.,*
    2009 U.S. Dist. LEXIS 121351 (W.D.N.Y. Dec. 30, 2009).................................................. 10

*Agricola ABC, S.A. v. Chiquita Frsh N. Am., LLC.,*
    2011 U.S. Dist. LEXIS 146190 (S.D. Ca. Dec. 20, 2011)........................................................ 6

*B.D. v. DeBuono,*
    193. F.R.D 117 (S.D.N.Y. 2000) ............................................................... 11, 13, 14

*Benitez v. Estate of De Jesus,*
    2012 U.S. Dist. LEXS111437 (S.D.N.Y Aug. 6, 2012) ...................................................... 11

*Carter v. United States,*
    547 F.2d 258 (5th Cir. 1977) ............................................................................. 8

*Continental Ins. Co. v. Apple, Inc.,*
    2009 U.S. Dist. LEXIS 38727 (E.D.N.Y. May 6, 2009) ............................................. 11, 12, 13

*Creighton v. Taylor,*
    1990 U.S. Dist. LEXIS 15597 (D. Conn. Oct. 22, 1990) ..................................................... 6, 7

*Dep't of Educ. v. C.B.,*
    2012 U.S. Dist. LEXIS 43961 (D. Haw. Mar. 29, 2012)...................................................... 6, 7

*GAF Corp. v. Transamerica Ins. Co.,*
    665 F.2d 364 (D.C. Cir. 1981)............................................................................. 15

*Gant v. Walsh,*
    2010 U.S. Dist. LEXIS 58022 (E.D.N.Y. June 11, 2010) ..................................................... 10

*General Foods Corp. v. Jay V. Zimmerman Co.,*
    1990 U.S. Dist. LEXIS 10156 (S.D.N.Y. Aug. 3, 1990)....................................................... 10

*Gravatt v. Columbia Univ.,*
    845 F.2d 54 (2d Cir. 1988)................................................................................. 15

*Hewlett-Packard Co. v. BYD:Sign, Inc.,*
    2006 U.S. Dist. LEXIS 70304 (E.D. Tex. Sept. 28, 2006) .................................................... 10

*Icon Licensign Grp. v. Innovo Azteca Apparel, Inc.,*
    2005 U.S. Dist. LEXIS 7477 (S.D.N.Y. April 26, 2005) ............................................. 11, 12, 13

*Kirsch v. Fleet Street, Ltd.,*
    148 F.3d 149 (2d Cir. 1998)................................................................................ 14

ii

**Cases**                                                      **Pages**

*Lau v. Glendora Unified Sch. Dist.,*
    792 F.2d 929 (9th Cir. 1986) ........................................................... 15

*Manners v. Fawcett Publ'ns, Inc.,*
    85 F.R.D 63 (S.D.N.Y. 1979) .............................................. 11, 12, 13

*Mercer Tool Corp. v. Friedr. Dick GmbH,*
    175 F.R.D. 173 (E.D.N.Y. 1997) ......................................... 11, 13, 14

*Mercer Tool Corp. v. Friedr. Dick GmbH,*
    179 F.R.D. 391 (E.D.N.Y. 1998) ................................................ 13, 14

*Pennsylvania R. Co. v. Daoust Const. Co.,*
    193 F.2d 659 (7th Cir. 1952) .......................................................... 5, 6

*PSG Poker, LLC v. DeRosa-Grund,*
    2008 U.S. Dist. LEXIS 59214 (S.D.N.Y. July 14, 2008) ..................... 14

*Reiter v. Sonotone Corp.,*
    442 U.S. 330 (1979).......................................................................... 8

*Shah v. RBC Capital Mkts. Corp.,*
    2011 U.S. Dist. LEXIS 72028 (S.D.N.Y. July 5, 2011) ................... 11, 12

*Spraggins v. Current Cab Corp.,*
    1985 U.S. Dist. LEXIS 18937 (S.D.N.Y. June 13, 1985)..................... 7, 8

*Tar Asphalt Trucking Co. v. Fidelity & Casualty Co. of New York,*
    1 F.R.D. 330 (S.D.N.Y. 1940) ................................................ 6, 8, 9, 10

*Thorp v. Scarne,*
    599 F.2d 1169 (2d Cir. 1979).................................................... 6, 8, 9

*United States v. 475 Martin Lane,*
    545 F.3d 1134, 1145 (9th Cir. 2008)) ................................................. 6

*United States v. Certain Real Property & Premises,*
    710 F. Supp. 46 (E.D.N.Y. 1989) ...................................................... 8

*Zagano v. Fordham Univ.,*
    900 F.2d 12 (2d Cir. 1990)............................................................... 11

| **Statutes** | **Pages** |
|---|---|
| 29 U.S.C. §§ 201 ................................................................................................................ | 1, 2, 5 |
| 29 U.S.C. § 206(a) .............................................................................................................. | 2 |
| 29 U.S.C. § 216(b) .............................................................................................................. | 2 |
| Fed. R. Civ. P. 12(b)(6) ..................................................................................................... | 2, 3, 4 |
| Fed. R Civ. P. 41(a) ............................................................................................................ | *passim* |
| Fed. R. Civ. P. 41(c) .......................................................................................................... | *passim* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MAEGEN HENRIQUEZ-FORD,

                          Plaintiff,                          12-CV-6927 (GBD)

        -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                          Defendant.

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

      Plaintiff, Maegen Henriquez-Ford (hereinafter "plaintiff"), a former teacher for the New York City Department of Education ("DOE") commenced this action on September 12, 2012. Plaintiff alleged that she was entitled to unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq* for a discrete number of hours during a discrete time period in May and June of 2012 in which plaintiff allegedly performed compensable tasks but was not paid.

      On November 19, 2012, the DOE served its answer to plaintiff's complaint, asserting three counterclaims: (1) a claim for plaintiff's violation of the faithless service doctrine; (2) a claim for fraud; and (3) a claim for unjust enrichment. In addition, during the course of the litigation, the DOE served plaintiff with two Rule 68 Offers of Judgment pursuant to Fed. R. Civ. P. 68, offering that plaintiff take judgment against it with respect to plaintiff's claims under the FLSA. Plaintiff did not respond to either Rule 68 Offer.

      On April 29, 2013, prior to plaintiff's service of a responsive pleading, the DOE effected its unconditional right pursuant to Fed. R. Civ. P. 41(c) to unilaterally dismiss its counterclaims without prejudice and without leave of court. In response, plaintiff filed a motion opposing the DOE's dismissal of its counterclaims and seeking attorney's fees as a condition of

the DOE's voluntary dismissal.  For the following reasons, plaintiff's motion should be denied in its entirety.

## FACTUAL BACKGROUND

Plaintiff Maegen Henriquez-Ford ("plaintiff"), a former teacher for the DOE commenced this action on September 12, 2012.  Plaintiff alleged entitlement to unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  Plaintiff's complaint asserted two causes of action: 1) A claim that the DOE "is liable to Plaintiff for minimum wages under the FLSA , 29 U.S.C. § 206(a)" and 2) A claim for the imposition of "liquidated damages under the FLSA, 29 U.S.C. § 216(b)."  *See* Exhibit 1,[1] Compl. ¶¶ 24, 34.  In her complaint, plaintiff alleged that she worked a handful of days during a two month period in "May and June [sic] 2012."  Compl. ¶ 8.

On November 19, 2012, the DOE served its answer to plaintiff's complaint.  *See* Exhibit 2; *see also* Docket Entry 7.  The DOE's answer also asserted three counterclaims against plaintiff: (1) a claim for plaintiff's violation of the faithless service doctrine; (2) a claim for fraud; and (3) a claim for unjust enrichment.  These counterclaims arise out of plaintiff's failure to report to work at the DOE for a period lasting approximately three years and plaintiff's knowing acceptance of her regular salary payments for work that she did not perform.  *See* Exhibit 2 ¶¶ 37-54; *see also* Exhibit 2 at Ex. A  (copy of the Opinion and Award in *In the Matter of the § 3020-a Proceeding by the New York City Dep't of Educ v. Maegen Henriquez-Ford*, SED # 19,058, dated July 23, 2012).[2]

---

[1] References to all exhibits are to those attached to the Declaration of Benjamin Welikson ("Welikson Decl."), dated June 3, 2013, submitted by the DOE in opposition to plaintiff's motion pursuant to Fed R. Civ. Pro 41.

[2] Plaintiff was terminated from her position with the DOE following a disciplinary hearing held pursuant to Section 3020-a of the New York Educational Law.  The Opinion and Award of that disciplinary hearing, *In the Matter of the*

On November 30, 2012, plaintiff moved, *inter alia*, to dismiss the DOE's counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Docket Entry 10. The DOE served and filed its opposition to plaintiff's motion on December 20, 2012 and plaintiff's motion was fully submitted on January 2, 2013. *See* Docket Entries 12, 14. Plaintiff's motion is currently pending before the Court. Plaintiff has neither served nor filed a pleading responsive to the DOE's counterclaims. *See* Declaration of Benjamin Welikson ("Welikson Decl."), dated June 3, 2013, at ¶ 4.

On December 4, 2012, the DOE served plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("December 4th Rule 68"). *See* Exhibit 3. The DOE's December 4th Rule 68 was calculated to offer plaintiff the maximum recovery available to plaintiff based on the claims asserted in the complaint.[3] Plaintiff did not respond to the DOE's December 4, 2012 Offer of Judgment.

On January 9, 2013, the DOE wrote to the Court to inform it of its position that the December 4th Rule 68 had divested the Court of subject matter jurisdiction. *See* Exhibit 4. Specifically, the DOE stated that, because its Rule 68 Offer exceeded the total sum of damages to which plaintiff would be potentially entitled as delineated in the complaint, the Court no longer possessed subject matter jurisdiction over plaintiff's claims. *See id.* As a result, the DOE indicated that it would move to dismiss the case for lack of subject matter jurisdiction. *See id.*

---

*§3020-a Proceeding by the New York City Dep't of Educ v. Maegen Henriquez-Ford*, SED # 19,058, dated July 23, 2012) (the "3020-a Award"), is incorporated in and annexed to defendant's answer to plaintiff's complaint.

[3] Specifically, plaintiff's complaint specifically alleged that plaintiff performed compensable tasks for the DOE on the following fourteen dates: 1) May 28, 2012; 2) June 7, 2012; 3) June 11, 2012; 4) June 12, 2102; 5) June 13, 2012; 6) June 14, 2012; 7) June 15, 2012; 8) June 18, 2012; 9) June 19, 2012; 10) June 20, 2012; 11) June 21, 2012; 12) June 22, 2012; 13) June 27, 2012. *See* Compl. ¶¶ 8, 10-14, 17. There are no other dates alleged in the complaint. *See id.* The DOE's Rule 68 Offer, which was calculated on the basis of the hours that were delineated in the complaint, exceeded the total sum of recovery to which plaintiff would be entitled based on those dates. *Compare* Exhibit 1 *with* Exhibit 3.

On February 7, 2013, the Court held a status conference to discuss, *inter alia*, the effect of the DOE's December 4, 2013 Offer of Judgment. *See generally* Exhibit 5. At that conference plaintiff's counsel stated that her client could not remember any dates in which she had performed compensable tasks other than those delineated in the complaint. *See id.* at 5:8 - 13. Nevertheless, plaintiff took the position that DOE's offer did not exceed the amount of recovery to which she was entitled as alleged in her complaint. *See id.* at 5:23 – 6:13. As a result, the Court ordered the DOE to produce the time records in its possession for plaintiff during the period in question. *See id.* at 21:10-15.

On February 8, 2013, the DOE produced plaintiff's time records in compliance with the Court's February 7, 2013 Order. *See* Exhibit 6. Those time records demonstrated that the December 4, 2012 Offer of Judgment exceeded the sum that plaintiff claimed to have been entitled. *See id.* On February 14, 2013, however, plaintiff filed an affidavit claiming that she was entitled to additional hours of compensation, which had not been pled in the complaint. *See* Exhibit 7; *see also* Docket Entry No. 15. In her affidavit, plaintiff claimed that she had reviewed the time records the DOE had produced as well as "contemporaneous handwritten notes," which had "refreshed" her recollection. *See* Exhibit 7 at ¶¶ 4-5. The total number of hours detailed in plaintiff's February 14, 2013 affidavit are 141.9 hours. *See id.* at ¶¶ 5, 7.

On March 12, 2013, the Court held a second status conference with respect to the DOE's December 4, 2012 Offer of Judgment. *See* Exhibit 8. At that conference, the Court directed the parties to articulate the number of hours that each party contended were potentially compensable under the FLSA. *See id.* at 2:3-10. Each party represented their positions. *See id.* at 2:9-11; 3:9-15. Plaintiff's counsel represented that plaintiff had worked "approximately 148 hours," and that the total amount of recovery to which plaintiff was entitled was "$1,073.00 plus

- 4 -

reasonable attorney's fees and costs." *See id.* at 6:13-16; 7:5-6.  The parties, however, did not

discuss the merits of their positions with respect to the DOE's counterclaims during the status

conference.  *See generally id.*  Further, no witness testified during the conference and no party

moved to have evidence introduced into the record.  *See generally id.*

On March 15, 2013, the DOE served plaintiff with a second Rule 68 Offer of

Judgment (March 15th Rule 68), which offered that plaintiff take judgment against it:

> for all of the relief sought in the causes of action
> pled under the Fair Labor Standards Act, 29 U.S.C.
> §§ 201, *et seq.* ("FLSA") comprised of actual
> damages under the FLSA in the amount of one-
> thousand, one-hundred and fifty dollars and one
> cent ($1,150.01), minus all applicable deductions
> and withholdings; plus liquidated damages under
> the FLSA in the amount of one-thousand, one-
> hundred and fifty dollars and one cent ($1,150,01);
> plus costs and reasonable attorney's fees accrued to
> the date of this offer.

*See* Exhibit 9.  Plaintiff did not respond to the DOE's March 15th Offer of Judgment.

On April 29, 2013, pursuant to Fed. R. Civ. P. 41(c), the DOE served and filed

notice of its dismissal of the counterclaims it had asserted against plaintiff without prejudice.

*See* Exhibit 10; *see also* Docket Entry 21.

## ARGUMENT

### POINT I

### THE DOE HAS EFFECTED ITS ABSOLUTE AND UNQUALIFIED RIGHT TO VOLUNTARILY DISMISS ITS COUNTERLCIAMS AGAINST PLAINTIFF.

Rule 41(c) of the Federal Rules of Civil Procedure permits a party to voluntarily

dismiss "any counterclaim, crossclaim, or third-party claim" without prejudice and without leave

of court.  *See* Fed. R. Civ. P. 41(c); *see also Pennsylvania R. Co. v. Daoust Const. Co.*, 193 F.2d

659, 661 (7th Cir. 1952); *Dep't of Educ. v. C.B.*, 2012 U.S. Dist. LEXIS 43961, at *8 (D. Haw. Mar. 29, 2012); *Agricola ABC, S.A. v. Chiquita Frsh N. Am., LLC.*, 2011 U.S. Dist. LEXIS 146190, at *17-18 (S.D. Ca. Dec. 20, 2011); *Tar Asphalt Trucking Co. v. Fidelity & Casualty Co. of New York*, 1 F.R.D. 330, 331 (S.D.N.Y. 1940). Rule 41(c) incorporates by reference the provisions of Rule 41(a), which governs the procedures by which a plaintiff can voluntarily dismiss his or her claims "[w]ithout a [c]ourt [o]rder."  *See* Fed. R Civ. Pro. 41(a).  Pursuant to the Rule 41(c):

> A claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made:
>
> (1) before a responsive pleading is served; or
>
> (2) if there is no responsive pleading, before evidence is introduced at a hearing or trial.

Fed. R. Civ. P. 41(c).

So long as either of the conditions that are articulated in Rule 41(c) is met, a defendant has "an absolute right to voluntarily dismiss its counterclaim" over a plaintiff's objection.  *See Tar Asphalt Trucking*, 1 F.R.D. at 331; *accord Daoust Const. Co.*, 193 F.2d at 661; *Agricola ABC, S.A*, 2011 U.S. Dist. LEXIS 146190, at *17; *see also Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (explaining that, once a party files a Rule 41(a)(1)(i) Notice of dismissal, "[t]here is nothing the [adversary] can do to fan the ashes of that action into life and the court has no role to play"); *Creighton v. Taylor*, 1990 U.S. Dist. LEXIS 15597, at *1-2 (D. Conn. Oct. 22, 1990).  Further, once the defendant files its Notice of Dismissal, "'the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further order pertaining to them.'"  *Agricola ABC*, 2011 U.S. Dist. LEXIS 146190, at *18 (quoting *United States v. 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir. 2008)); *see also Thorpe*, 599 F.2d at 1171 n.1 ("[F]iling of a notice of dismissal . . . automatically terminates the

- 6 -

lawsuit . . . . [and] [n]o action by the court is necessary to effectuate the dismissal."). "[A] court cannot condition the exercise of [a party's] absolute right of dismissal on the payment of attorney's fees and costs. *Creighton*, 1990 U.S. Dist. LEXIS 15597, at *5.

In this case, the DOE effected its unqualified right to voluntarily dismiss its counterclaims without prejudice on April 29, 2013 when filed its Notice of Dismissal. Plaintiff's motion to dismiss the DOE's counterclaims does not constitute a responsive pleading for purposes of Rule 41. *See Dep't of Educ.*, 2012 U.S. Dist. LEXIS 43961, at *8 ("A motion to dismiss is not a responsive pleading"); *accord Creighton*, 1990 U.S. Dist. LEXIS, at *2; *Spraggins v. Current Cab Corp.*, 1985 U.S. Dist. LEXIS 18937, at *2 (S.D.N.Y. June 13, 1985). Indeed, plaintiff does not argue that her motion to dismiss the DOE's counterclaims serves as a responsive pleading. *See generally* Pl's Mem. of Law in Supp. of Counter-Def's Mot. for Reasonable Attorney's Fees in Response to the DOE's Rule 41(c) Notice of Dismissal of Counterclaims ("Pl's Mem.") at 3. As a result, the DOE filing of its Notice of Dismissal, prior to plaintiff's service a responsive pleading, has satisfied the requirements of the Rule.

Plaintiff's argument that the DOE's Notice of Dismissal is a nullity is based solely on her contention that "evidence was introduced" – in connection with plaintiff's FLSA claim rather than the DOE's counterclaims – during the parties' March 12, 2013 status conference. *See* Pl's Mem. at 3. This argument is both legally and factually without merit. Federal Rule 41(c) provides two disjunctive circumstances in which a litigant may voluntarily dismiss a claim without leave of court. That is, a party may voluntarily dismiss a counterclaim either "before a responsive pleading is served; **_or_**" in a circumstance in which "there is no responsive pleading," – i.e, in a circumstance in which no responsive pleading is required by the Federal Rules of Civil Procedure – "before evidence is introduced at a hearing or trial." *See* Rule

- 7 -

41(c) (emphasis added).  Plaintiff's reading of Rule 41(c), however, disregards the use of the disjunctive word "or," which separates the two independent circumstances in which the Rule provides for voluntary dismissal.  In doing so, plaintiff seeks to convert these two independent and disjunctive circumstances into two interdependent elements, both of which, according to plaintiff, must be satisfied.  Such a construction violates a fundamental principle of statutory construction and should therefore be rejected.  *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings."); *United States v. Certain Real Property & Premises*, 710 F. Supp. 46, 50 (E.D.N.Y. 1989) ("Under normal canons of statutory construction, the court must give effect to . . . use of the word 'or' by reading the terms 'knowledge' and 'consent' disjunctively.").

Further, even if plaintiff's construction of Rule 41(c) is valid, her argument fails because is clear that no "evidence [was] introduced at a hearing or trial," prior to the DOE's filing of its Notice of Dismissal.  *See* Rule 41(c)(2).  The Second Circuit has read Rule 41 "strictly so that alleged 'equivalents' [of the conditions set forth in the Rule] have not been sufficient to preclude voluntarily dismissal."  *See Spraggins*, 1985 U.S. Dist. LEXIS 18937, at *1; *see also Thorpe*, 599 F.2d at 1176 (explaining that the purpose of Rule 41 is to "establish[] a bright-line test marking the termination of a [party's] otherwise unfettered right voluntarily and unilaterally to dismiss an action").  This is because dismissal under Rule 41 would "no longer be self-executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the 'equivalent' of the conditions set forth in the Rule has been satisfied."  *See Thorpe*, 599 F.2d at 1176; *see also Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) ("We have consistently held that rule 41(a)(1) means what it says.").  As a result, both the Second Circuit and courts in this district, have strictly "enforce[ed] the rule[] as written" and has

- 8 -

refused to engage in a case-by-case analysis to determine whether a claimed "equivalent" may be deemed sufficient. *See Thorpe*, 599 F.2d at 1174; *Tar Asphalt Trucking*, 1 F.R.D. at 331.

Thus, in *Tar Asphalt Trucking v. Fidelity & Casualty Co.*, the court rejected a similar argument by a plaintiff opposing a defendant's voluntarily dismissal of its counterclaim. 1 F.R.D at 331. In that case, a defendant had answered a plaintiff's complaint and interposed two counterclaims. *See id.* Without answering the defendant's counterclaims, the plaintiff moved for summary judgment, annexing affidavits in support of its motion. *See id.* The defendant then filed a voluntary notice of dismissal prior to submission of the motion to the court. *See id.*

The *Tar Asphalt* court rejected plaintiff's argument that submission of an affidavit on a motion for summary judgment was "the equivalent of the 'introduction of evidence at a trial or hearing." *See id.* In doing so the Court explained that "the failure of the plaintiff to file a responsive pleading (reply) to the first counterclaim gives the defendant an absolute right to voluntarily dismiss its counterclaim." *See id.* As a result, the defendant's absolute right to dismiss its counterclaims without leave of court could not be abridged. *See id.*

As in *Tar Asphalt*, plaintiff's argument that the parties discussions of plaintiff's FLSA claim, during the March 12, 2013 status conference precludes the DOE's dismissal of its counterclaims must be rejected. To begin with, no witness testified during the March 12, 2013 status conference. *See* Exhibit 8. Further, plaintiff has not and cannot articulate any point during the status conference in which either party sought to introduce evidence into the record nor any point in which evidence was in fact introduced or admitted. *See id.* Rather, per the Court's instructions, the parties discussed their respective positions with regard to plaintiff's potential FLSA damages in an effort to evaluate the effect of the DOE's December 4th Rule 68

Offer of Judgment.  *See* Exhibit *id.* at 2:3-11, 3:9-15, at 6:13-16; 7:5-6.  Not only did these discussions relate exclusively to plaintiff's FLSA claim, rather than the DOE's counterclaims, such discussions cannot reasonably be considered the introduction of evidence at a hearing.  *See Gant v. Walsh*, 2010 U.S. Dist. LEXIS 58022, at *2 (E.D.N.Y. June 11, 2010) (explaining that a oral argument was not an evidentiary hearing where "[n]o testimony or other evidence was admitted); *Hewlett-Packard Co. v. BYD:Sign, Inc.*, 2006 U.S. Dist. LEXIS 70304, at *7 n.3 (E.D. Tex. Sept. 28, 2006) (distinguishing between an oral argument hearing and an evidentiary hearing where "the Court heard no sworn testimony and admitted no evidence").  Accordingly, plaintiff's "equivalency" argument should be rejected.  *See Thorpe*, 599 F.2d at 1176; *Tar Asphalt Trucking*, 1 F.R.D. at 331.

## POINT II

### ASSUMING *ARGUENDO* THAT THE DOE'S RIGHT TO DISMISS ITS COUNTERCLAIMS IS NOT ABSOLUTE, THE DOE'S COUNTERCLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE AND PLAINTIFF'S FEES APPLICATION SHOULD BE DENIED.

**A.     The DOE's Application to Dismiss Its Counterclaims Without Prejudice Should Be Granted**

"Fed. R. Civ. P. 41(c) provides that the provisions of Rule 41 'apply to the dismissal of any counterclaim, cross-claim, or third-party claim.'"  *General Foods Corp. v. Jay V. Zimmerman Co.*, 1990 U.S. Dist. LEXIS 10156, at *2 (S.D.N.Y. Aug. 3, 1990). Consequently, where the conditions delineated in Rule 41(c) are not present, the Court may nevertheless grant the dismissal of the defendant's counterclaims under Federal Rule 41(a)(2), "upon such terms and conditions as the court deems proper."  *AET Rail Group, LLC v. Siemens Transp. Sys.*, 2009 U.S. Dist. LEXIS 121351, at *6-7 (W.D.N.Y. Dec. 30, 2009) (quoting Fed R. Civ. Pro 41(a)(2) in application to dismissal of counterclaims).

- 10 -

Where "voluntary dismissal is not a matter of right, there is a general presumption that motions to dismiss claims without prejudice should be granted." *See Benitez v. Estate of De Jesus*, 2012 U.S. Dist. LEXS111437, at *4 (S.D.N.Y Aug. 6, 2012) (internal citations omitted); *accord Continental Ins. Co. v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 38727, at *2-3 (E.D.N.Y. May 6, 2009); *B.D. v. DeBuono*, 193. F.R.D 117, 123 (S.D.N.Y. 2000). Thus, dismissal should be granted without prejudice, "absent a showing that [the adversary] will suffer substantial prejudice as a result." *Manners v. Fawcett Publ'ns, Inc.*, 85 F.R.D 63, 65 (S.D.N.Y. 1979). "[T]he possibility of commencing another action in state court will not operate as a bar to granting the motion." *Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 175 (E.D.N.Y. 1997); *accord Icon Licensign Grp. v. Innovo Azteca Apparel, Inc.*, 2005 U.S. Dist. LEXIS 7477, at *13 (S.D.N.Y. April 26, 2005). The factors relevant to resolving an application for voluntary dismissal without prejudice are as follows:

> the [party's] diligence in bringing the motion; any 'undue vexatiousness on [the party's] part; the extent to which the suit has progressed, including the [adversary's] effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of [the party's] explanation for the need to dismiss.

*Shah v. RBC Capital Mkts. Corp.*, 2011 U.S. Dist. LEXIS 72028, at *3 (S.D.N.Y. July 5, 2011); *accord Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Here, although plaintiff has not challenged the DOE's dismissal of its counterclaims without prejudice – seeking instead the imposition of attorney's fees as a condition of dismissal without prejudice – all of the factors relevant to the determination militate in favor of granting the DOE's application.

First, the DOE has been diligent in seeking voluntary dismissal by filing its Notice of Dismissal approximately five months after it interposed its counterclaims. *See B.D.*, 193. F.R.D 117, 123 (granting dismissal without prejudice after sixteen months); *Manners*, 85 F.R.D at 65

(granting dismissal where the "action [was] scarcely one-year old").  Second, the DOE was in the process of preparing to file its state law claims in state court and only asserted its counterclaims in this forum as a protective measure after being sued by plaintiff.  *See* Exhibit 8 at 11:2-7, 11:21-22, 12:7-15.  After doing so, the DOE attempted to resolve plaintiff's federal claims multiple times by serving plaintiff with two Offers of Judgment which, if accepted, would fully satisfy her FLSA claims.  *See* Exhibits 3, 9.  Accordingly, there is no evidence of vexatious behavior on the part of the DOE.  *See Continental Ins. Co.*, 2009 U.S. Dist. LEXIS 38727, at *6-7 (finding no evidence of vexatious behavior where a party "did not initiate [the] suit and [did] nothing to unnecessarily prolong it").

Further, this suit has not progressed very far.  As a result of the DOE's repeated attempts to settle the case, and plaintiff's pending motion to dismiss the DOE's counterclaims, no substantial discovery has taken place.  *See Icon Licensing Grp*, 2005 U.S. Dist. LEXIS 7477, at *11 (finding a case was "in its initial stages . . . [where there had not] been any discovery."  Moreover, plaintiff's only expenses with respect to the DOE's counterclaims result from her filing of a motion to dismiss.  These expenses need not be duplicated, however, as plaintiff can "easily use that work should [the DOE] later choose to decide to reassert its claims."  *See Sha*, 2011 U.S. Dist. LEXIS 72028, at *6.

Finally, the DOE has an adequate reason for voluntarily dismissing its counterclaims.  The DOE has repeatedly attempted to resolve plaintiff's FLSA claims.  *See* Exhibits 3, 9.  Plaintiff, however, has represented that she is unwilling settle the case.  *See* Exhibit 5 at 18:3-4.  Indeed, after plaintiff represented to the Court that the DOE's first Rule 68 Offer did not fully satisfy her FLSA claims, the DOE served a second Rule 68 Offer which was calculated by reference to plaintiff's representations of her damages.  *See* Exhibit 8 at 7:1-8; Exhibit 9.

- 12 -

Plaintiff again failed to respond to the DOE's second Rule 68 within the time period provided in the Offer of Judgment.  *See* Welikson Decl. ¶ 11.  Frustrated with its inability to resolve the federal action, the DOE dismissed its counterclaims in an effort to end the case.  *See* Exhibit 8 at 11:2-7, 12:12-16.  In light of this sequence of events, the fact that the DOE contemplates reasserting its counterclaims in state court does not undermine its reasons for voluntary dismissal.  *See Icon Licensign Grp.*, 2005 U.S. Dist. LEXIS 7477, at *12 ("[I]t is not unreasonable for a [party] to determine that another forum is preferable after filing [its claim].").  Accordingly, the DOE has an adequate explanation for its voluntary dismissal and the Court should dismiss the its counterclaims without prejudice.  *See Continental Ins. Co.*, 2009 U.S. Dist. LEXIS 38727, at *6-7;  *Icon Licensign Grp.*, 2005 U.S. Dist. LEXIS 7477, at *15; *B.D.*, 193. F.R.D at 125.

**B.      Plaintiff's Application for Attorney's Fees Should Be Denied**

To the extent that plaintiff seeks to condition the DOE's right to voluntarily dismiss its counterclaims on the imposition of attorney's fees, plaintiff's application should be denied.  Federal Rule 41 provides for the imposition of fees "only when justice so demands," and courts have declined to impose such a condition in circumstances similar to the instant case.  *See Manners*, 85 F.R.D at 65; *see also Icon Licensing Grp.*, 2005 U.S. Dist. LEXIS 7477, at *15 n. 6 (noting that "courts within this circuit have refused to award fees and costs following a Rule 41(a)(2) dismissal absent circumstances evincing bad faith or vexatiousness"); *Continental Ins. Co.*, 2009 U.S. Dist. LEXIS 38727, at *7-8 (denying application for fees where the defendant "did not initiate [the] suit").  As explained above, the DOE has not acted in "bad faith or vexatiousness" such as to warrant the award of attorney's fees.

Moreover, the "payment of fees upon dismissal without prejudice must be limited to compensation that cannot used in a second contemplated action."  *See Mercer Tool Corp. v.*

*Friedr. Dick GmbH*, 179 F.R.D. 391, 396 (E.D.N.Y. 1998); *accord B.D.*, 193. F.R.D at 125. Thus, "the amount of fees awarded must be supported by evidence in the record." *Mercer Tool Corp*, 179 F.R.D. at 396. "[A] court may reduce a fee award because of 'vagueness, inconsistencies, and other deficiencies in the billing records.'" *PSG Poker, LLC v. DeRosa-Grund*, 2008 U.S. Dist. LEXIS 59214, at *10 (S.D.N.Y. July 14, 2008) (Francis, J.) (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

As a threshold matter in this case, the time entries reflected in plaintiff's counsel's billing records on the dates of November 21, 2012 and November 26, 2012 are vague and therefore cannot be evaluated for reasonableness. Accordingly, time spent on these dates should also be disallowed. *See PSG Poker, LLC*, 2008 U.S. Dist. LEXIS 59214, at *10.

Moreover, plaintiff's counsel's billing records indicate that the majority of attorney time for which plaintiff seeks remuneration relates to preparation, research, and motion practice relevant to the DOE's counterclaims. This preparation will be of use to plaintiff should the DOE choose to reassert its claims. The time entries that reflect preparation that is relevant to the DOE's counterclaims include the following dates: November 27, 2012; November 28, 2012; November 29, 2012; November 30, 2012; December 22, 2012; December 28, 2012; December 29, 2012; December 30, 2012; and January 2, 2012. Accordingly, the attorney's fees reflected on these dates is not compensable under Rule 41. *See Mercer Tool Corp.*, 179 F.R.D. 391, 396 (E.D.N.Y. 1998); *B.D.*, 193. F.R.D at 125.

### POINT III

**IF THE COURT CONDITIONS THE DOE'S RIGHT TO VOLUNTARILY DISMISS ITS COUNTERCLAIMS ON PAYMENT OF ATTORNEY'S FEES, THE DOE RESERVES ITS RIGHT TO ACCEPT OR REJECT THE CONDITION.**

Rule 41 "grants to [a party] the option to refuse the voluntary dismissal if the conditions imposed are too onerous." *See Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986); *see also Gravatt v. Columbia Univ.*, 845 F.2d 54, 55 (2d Cir. 1988)  Thus, "[u]nder the rule, a [party] has the choice between accepting the conditions and obtaining dismissal . . . [or] withdrawing his dismissal motion and proceeding with the case on the merits." *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367-368 (D.C. Cir. 1981).  Accordingly, if the Court grants the DOE's application to dismiss its counterclaims conditionally, the DOE reserves its right to withdraw its application upon evaluation of those conditions.  *See id.*

## CONCLUSION

For the foregoing reasons, the New York City Department of Education respectfully requests that the Court deny plaintiff's motion in its entirety and direct the Clerk to docket the voluntary dismissal of its counterclaims without prejudice and without conditions, together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                June 3, 2013


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-122
                              New York, New York 10007-2601
                              (212) 718-0924
                              bwelikso@law.nyc.gov


                          By: _____/s_____
                              BENJAMIN WELIKSON
                              Assistant Corporation Counsel



ANDREA O'CONNOR,
BENJAMIN WELIKSON.
      Of Counsel